Whbelbe, J.
There clearly was no error in the refusal of a continuance. It appears to have been a second application to obtain the same evidence; and t shows no other or greater diligence than that which had proved ineffectual to obtain the evidence at a former term. The application came within no rule or principle which, as matter of law, entitled the party to a continuance.
The plea which was stricken out proposed to inquire into and it impeached the consideration of the notes sued on. And to entitle the defendant to impeach the consideration of a note in writing under seal, the plea must be supported by affidavit. (Hart. Dig., art. 710.)
But it is insisted that tlie note in this case, not coming within the lir.st section of the act concerning conveyances, (Hart. Dig., art. 167,) and there being no other enactment authorizing the use of a scroll for a seal, is not a sealed instrument.
The reverse of this, however, was determined by the decision of this court in the case of English v. Holmes, (4 Tex. R., 228,) where it was held that a note having a scroll with tlie word seal written in it, appended to tlie signature of the maker, was a sealed note.
It is further insisted that it is only necessary that tlie plea be supported by affidavit when it sets up a total failure of consideration, and that under *156 the provision o£ the act of the 3d of April, 1846, (Hart. Dig., art. 2527,) a plea of a partial failure of consideration need not be supnorted by affidavit. This distinction, however, cannot, we think, be maintained.
Note 64. — Conner v. Autrey, IS T., 427; Pierce ». Wright, 33 T., 631.
The last-cited act was probably intended to remove doubts which were supposed then to exist as to tlie admissibility of a plea of part failure of consideration in the specified cases. Such plea was doubtless admissible, as has since been determined, Mercer v. Hall, 2 Tex. R., 284,) without he statute, and the statute was merely declaratory of the law. But no doubt was entertained of the admissibility of a plea of a total failure of consideration, and lienee that subject was not embraced in the statute. Tlie statute does not purport to prescribe the form or requisites of the plea, but only to secure the right to plead. But tlie act of the 13th of May, before referred to, (Hart. Dig., art. 710,; prescribes what shall bo a requisite of a plea by which a party shall “impeach or inquire into the consideration ” of a sealed instrument; and its terms comprehend every swh plea, whether tlie matter pleaded go to the whole, or a part only of the consideration. Both statutes must be taken and construed together; and so taken they do not, it is conceived, warrant the distinction sought to be taken.
The notes sued on being under seal, and the plea impeaching the consideration not being supported by affidavit, was rightly stricken out.' The judgment is affirmed.
Judgment affirmed.